REEVES and Another *v.* BALDWIN.—On appeal.

THIS was an action of replevin brought by the appellants to recover a quantity of store goods from the possession of the appellee. There were three pleas upon which issues were taken. One of the pleas denied the ownership of the appellants, and asserted ownership in the appellee. Trial and judgment for defendant.

It appears, by a bill of exceptions, that the appellants proved that the appellee was a merchant doing business in *Brookville, Indiana.* That, on a certain occasion, the latter started to go to *Cincinnati* with about 2,600 dollars in money; that in two or three hours he returned, stating that he had lost his money, and that this loss would break him up, or that it would stop his business, unless he could make arrangements with his creditors; that he owed debts at *Cincinnati,* and sent *A. W. Sullenberger* to that city with the following power of attorney:

" Mr. *A. W. Sullenberger* is hereby authorized to transact business for me in the city of *Cincinnati* with all my creditors; to use my name in making arrangements with my creditors, if necessary; to sign my name to notes, &c.; purchase goods and sign my name to notes for the payment of them when mature; and all other business in my line as a merchant. Given under my hand and seal this 23d day of *March,* 1847.

" *John D. Baldwin,* [SEAL.]

" Attest, *David Campbell.*"

That said *Sullenberger* went to *Cincinnati* and executed to the plaintiffs, who were creditors of *Baldwin,* a mortgage of the goods in controversy, being all the stock in trade of the said *Baldwin* in his store at *Brookville.*

The plaintiffs then offered to prove, by the oral testimony of *Sullenberger,* who had been a clerk of *Baldwin,* that when he was sent by *Baldwin* to *Cincinnati* he was authorized by the latter to make such mortgage; which evidence the Court refused to permit to go the jury.

There can be no doubt that such evidence was correctly rejected.

The plaintiffs then offered the power of attorney and mortgage as evidence, but the Court would not permit them to go to the jury.

The rejection of this evidence is the only error assigned. We can perceive no reason for which the decision should be reversed. The power of attorney contains no authority to make a mortgage such as that under which the plaintiffs claimed.